KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
IRENE LEE (SBN 331485)
CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com
ilee@cofolaw.com

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET,<br><br>Defendant. | CASE NO. 4:20-cv-07126-DMR<br><br>**PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S OPPOSITION TO DEFENDANT UNITED STATES OFFICE OF MANAGEMENT AND BUDGET'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: April 28, 2022<br>Time: 1:00 p.m.<br>Place: Zoom<br>Judge: The Honorable Donna M. Ryu |

# TABLE OF CONTENTS

NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT ...... 1

RELIEF SOUGHT .................................................................................................................. 1

ISSUES TO BE DECIDED ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 2

I.  INTRODUCTION ......................................................................................................... 2

II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND............................ 2

III. ARGUMENT ................................................................................................................. 5

  A. Legal Standard .................................................................................................... 5

  B. OMB Did Not Conduct an Adequate Search for Responsive Records ..... 7

  C. OMB Receives and Maintains Documents Indicating and Containing the Total Federal Acquisition Budget When Carrying Out its Agency Functions ........................................................................................................... 10

  D. OMB Inconsistently Maintains that It Does Not Have Responsive Records, Yet Continues to Refer ASBL to Potentially Responsive Sources ............................................................................................................... 11

  E. OMB Should Have Confirmed with ASBL the Exact Information Requested and Search Terms to be Used ...................................................... 14

IV. CONCLUSION ............................................................................................................ 15

i

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

# TABLE OF AUTHORITIES

## **CASES**

*Am. Small Bus. League v. U.S. Dep't. of Defense*,
   372 F. Supp. 3d 1018 (N.D. Cal. 2019) ................................................................................ 3

*Am. Small Bus. League v. U.S Small Bus. Admin.*,
   2008 WL 3977780 (N.D. Cal. Aug. 26, 2008) ...................................................................... 3

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .............................................................................................................. 6

*Brady Ctr. to Prevent Gun Violence v. U.S. Dep't. of Justice*,
   410 F. Supp. 3d 225 (D.D.C. 2019) ...................................................................................... 8

*Ctr. For Investigative Reporting v. U.S. Dep't of Justice*,
   14 F.4th 916 (9th Cir. 2021) ............................................................................................... 15

*Jarvik v. C.I.A.*,
   741 F. Supp. 2d 106 (D.D.C 2010) ....................................................................................... 6

*Kenney v. U.S. Dep't. of Justice*,
   603 F. Supp. 2d 184 (D.D.C. 2009) .................................................................................... 13

*King v. U.S. Dep't. of Justice*,
   830 F.2d 210 (D.C. Cir. 1987) .............................................................................................. 6

*LaCedra v. Exec. Office for U.S. Attorneys*,
   317 F.3d 345 (D.C. Cir. 2003) .............................................................................................. 6

*Leopold v. U.S. Dep't. of Justice*,
   130 F. Supp. 3d 32 (D.D.C. 2015) ..................................................................................... 6,7

*Lion Raisins, Inc. v. U.S. Dep't. of Agriculture*,
   636 F. Supp. 2d 1081 (E.D. Cal. 2009) .............................................................................. 12

*Military Audit Project v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) .............................................................................................. 6

*N.L.R.B. v. Robbins Tire & Rubber Co.*,
   437 U.S. 214 (1978) ........................................................................................................ 5, 11

*Oglesby v. U.S. Dep't. of Army*,
   920 F.2d 57 (D.C. Cir. 1990) .............................................................................................. 6,7

*Schladetsch v. U.S. Dep't. of H.U.D.*,
   2000 WL 33372125 (D.D.C. Apr. 4, 2000) ........................................................................ 13

*Soucie v. David*,
   448 F.2d 1067 (D.C. Cir. 1971) ............................................................................................ 5

*U.S. Dept. of Justice v. Tax Analysts*,
   492 U.S. 136 (1989) ............................................................................................................ 11

*Vaughn v. Rosen*,
   484 F.2d 820 (D.C. Cir. 1973) ............................................................................................ 15

*Wellford v. Hardin*,
   315 F. Supp. 768 (D.D.C. 1970) ........................................................................................... 5

*Yagman v. Pompeo*,
   868 F.3d 1075 (9th Cir. 2017) ......................................................................................... 6, 14

*Zemansky v. EPA*,
  767 F.2d 569 (9th Cir. 1985) ........................................................................................................ 12

**STATUTES**

5 C.F.R. § 1303.22 ............................................................................................................................ 7,14

15 U.S.C. § 644 ............................................................................................................................. 2,4,8,10

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. Proc. 56 .......................................................................................................................... 1,5

**NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 28, 2022 at 1:00 p.m. before the Honorable Magistrate Judge Donna M. Ryu, plaintiff American Small Business League ("plaintiff" or "ASBL") will and hereby does cross-move, pursuant to Federal Rule of Civil Procedure 56, for an Order granting summary judgment in its favor and against defendant United States Office of Management and Budget ("defendant" or "OMB"), requiring defendant to produce the records sought by plaintiff under the Freedom of Information Act ("FOIA") by a date certain that the Court deems reasonable.

This Cross-Motion is made on the grounds that no material facts are in dispute and ASBL is entitled to judgment as a matter of law.

This Cross-Motion is based on this Cross-Motion and Opposition; the following Memorandum of Points and Authorities in support and the anticipated Cross-Reply in support; the declarations of Lloyd Chapman, Charles Tiefer, and Irene Lee filed herewith; and any other evidence or argument the Court may receive before or at the hearing on this Cross-Motion.

### RELIEF SOUGHT

ASBL requests that the Court grant summary judgment in its favor and against defendant, find and declare that defendant did not conduct an adequate search for records that are responsive to ASBL's FOIA request, and order defendant to conduct a lawful search and disclose all responsive records to ASBL.

### ISSUES TO BE DECIDED

Whether defendant's search for records responsive to plaintiff's FOIA request was inadequate, whether defendant has improperly withheld non-exempt agency records responsive to plaintiff's FOIA request, and whether defendant should be ordered to conduct a second search that is consistent with the substance of ASBL's request and disclose all non-exempt responsive records.

///

1

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The gist of the OMB's motion is that the federal government spends trillions of dollars a year but it doesn't know, and can't tell the public, where that money goes.  When a watchdog organization like ASBL asks for records shedding light on a simple question about federal spending so that it can monitor whether small businesses got their share set forth in the Small Business Act, it seems OMB would rather engage in unnecessary litigation than to look for records which would help answer the question.

OMB's approach finds no support in the law, and is contrary to the pro-disclosure purpose of the FOIA.  For the reasons set forth below, OMB's motion for summary judgment should be denied, and ASBL's cross-motion for summary judgment should be granted.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

ASBL is an organization based in Petaluma that focuses on promoting the interests of small businesses and educating the public about government operations.  Declaration of Lloyd Chapman in Support of Opposition and Cross-Motion for Summary Judgment ("Chapman Decl."), ¶ 2.  ASBL obtains information it receives through FOIA requests and other sources.  *Id.*  ASBL has been previously successful in prior FOIA litigation against other federal agencies.  *Id.*  ASBL distributes information obtained through FOIA requests in multiple ways, including but not limited to press releases, news articles and op-eds, television appearances, and podcasts.  *Id.*  In addition, in reviewing government policies, programs, spending and procedures, ASBL uses this information to investigate the effectiveness of government programs intended to help small businesses, specifically the Small Business Act requirement[1] that 23 percent of all federal contracting dollars must go to small businesses, five percent of which must be allocated to contracts with women-owned businesses.  *Id.*  In its efforts to determine whether the federal government actually met the 23 percent goal and accurately represented such achievement,[2]

---

[1] Small Business Act, 15 U.S.C. § 644(g)(1)(A)(i).
[2] Every year, the Small Business Administration issues a press release claiming that the government met the 23 percent small business subcontracting goal.  *See, e.g.*, United States Small Business Administration, *Federal Government Awards Record-Breaking $145.7 Billion*

2

ASBL sought data regarding the total federal dollars devoted to acquisitions, and data regarding the number of federal dollars spent on small business contracting.[3] *Id.*

On April 7, 2020, ASBL submitted FOIA Request No. 2020-319 to OMB, requesting "[a]ny and all documents indicating or containing the total federal acquisition budget for [Fiscal Year] FY 2017, FY 2018, and FY 2019."  Declaration of Irene Lee in Support of Opposition and Cross-Motion for Summary Judgment ("Lee Decl."), Ex. A.  On June 9, 2020, the OMB stated that there was no specific federal acquisition budget for each year, and therefore, the OMB did not have records responsive to the request.  Lee Decl., Ex. B.  In its June 9, 2020 letter and in later correspondence dated June 12, 2020, the OMB suggested that ASBL review the President's Budget for information on an object class analysis associated with acquisition and contracting, federal spending data on USAspending.gov, and the Federal Procurement Data System for responsive information.  *Id.*; Lee Decl., Ex. D.

ASBL notified the OMB in letters dated June 11, 2020 and June 19, 2020 that it could not locate responsive records using the sources provided.  Lee Decl., Exs. C & E.  After receiving no response from the OMB, ASBL filed an administrative appeal of the OMB's decision on July 17, 2020 and OMB confirmed receipt of this administrative appeal.  Lee Decl., Exs. F & G.

On October 13, 2020, after again receiving no response from the OMB regarding its administrative appeal, ASBL filed its complaint in this action against the OMB for improperly withholding records pursuant to FOIA, and the United States Small Business Administration ("SBA") for improper denial of a fee waiver under FOIA.  *See* ECF No. 1.  Defendants OMB and the SBA filed a motion to sever the claims against the two defendants, which was granted on April 21, 2021.  *See* ECF No. 30.

---

*in Contracting to Small Businesses*, SBA.gov (Jul. 28, 2021), https://www.sba.gov/article/2021/jul/28/federal-government-awards-record-breaking-1457-billion-contracting-small-businesses.
[3] ASBL has had prior success in litigating FOIA requests connected with its efforts to advocate for and to disseminate information about small business concerns.  *See e.g.*, *Am. Small Bus. League v. U.S. Dep't. of Defense*, 372 F. Supp. 3d 1018 (N.D. Cal. 2019); *see also*, *Am. Small Bus. League v. U.S. Small Bus. Admin.*, No. C 08-00829 MHP; 2008 WL 3977780 (N.D. Cal. Aug. 26, 2008).

ASBL sought data regarding the total federal dollars devoted to acquisitions, and data regarding the number of federal dollars spent on small business contracting.[3]  *Id.*

On April 7, 2020, ASBL submitted FOIA Request No. 2020-319 to OMB, requesting "[a]ny and all documents indicating or containing the total federal acquisition budget for [Fiscal Year] FY 2017, FY 2018, and FY 2019."  Declaration of Irene Lee in Support of Opposition and Cross-Motion for Summary Judgment ("Lee Decl."), Ex. A.  On June 9, 2020, the OMB stated that there was no specific federal acquisition budget for each year, and therefore, the OMB did not have records responsive to the request.  Lee Decl., Ex. B.  In its June 9, 2020 letter and in later correspondence dated June 12, 2020, the OMB suggested that ASBL review the President's Budget for information on an object class analysis associated with acquisition and contracting, federal spending data on USAspending.gov, and the Federal Procurement Data System for responsive information.  *Id.*; Lee Decl., Ex. D.

ASBL notified the OMB in letters dated June 11, 2020 and June 19, 2020 that it could not locate responsive records using the sources provided.  Lee Decl., Exs. C & E.  After receiving no response from the OMB, ASBL filed an administrative appeal of the OMB's decision on July 17, 2020 and OMB confirmed receipt of this administrative appeal.  Lee Decl., Exs. F & G.

On October 13, 2020, after again receiving no response from the OMB regarding its administrative appeal, ASBL filed its complaint in this action against the OMB for improperly withholding records pursuant to FOIA, and the United States Small Business Administration ("SBA") for improper denial of a fee waiver under FOIA.  *See* ECF No. 1.  Defendants OMB and the SBA filed a motion to sever the claims against the two defendants, which was granted on April 21, 2021.  *See* ECF No. 30.

---

*in Contracting to Small Businesses*, SBA.gov (Jul. 28, 2021), https://www.sba.gov/article/2021/jul/28/federal-government-awards-record-breaking-1457-billion-contracting-small-businesses.
[3] ASBL has had prior success in litigating FOIA requests connected with its efforts to advocate for and to disseminate information about small business concerns.  *See e.g.*, *Am. Small Bus. League v. U.S. Dep't. of Defense*, 372 F. Supp. 3d 1018 (N.D. Cal. 2019); *see also*, *Am. Small Bus. League v. U.S. Small Bus. Admin.*, No. C 08-00829 MHP; 2008 WL 3977780 (N.D. Cal. Aug. 26, 2008).

On March 12, 2021, OMB's counsel sent an email to ASBL's counsel again asserting that the OMB did not have any responsive records and suggesting that ASBL re-review a list of sources from which it said the requested information could be found. Lee Decl., Ex. H. ASBL informed the OMB in its letter dated March 15, 2021 that ASBL had reviewed the sources and could not locate the requested information. Lee Decl., Ex. I. ASBL also noted that it did not seem reasonable for the federal government to have a detailed breakdown of its spending, such as the amount spent on the acquisition of capital assets, yet not have any information as to the amount of money allocated to federal acquisitions in total. *Id*. ASBL also notified the OMB that it could not calculate the total federal acquisition budget from the vast records of spending on USAspending.gov. *Id*. ASBL further stated that its use of the term "total federal acquisition budget" refers to the '"total value of all prime contract awards for' each referenced 'fiscal year,' the total figure needed to assess whether the government is meeting its small business contracting goals under the Small Business Act."' *See*, 15 U.S.C. § 644(g)(1)(A)(i).

On May 5, 2021, the OMB answered. ECF No. 31. On July 21, 2021, at the parties' request, this Court referred this case to a settlement conference with a magistrate judge. ECF No. 37. The settlement conference was held on October 5, 2021, but did not result in a resolution of the case. ECF No. 40.

On October 7, 2021, ASBL sent a follow-up correspondence to OMB shedding light on why it believes that the agency has responsive records and on the definition of the term "acquisition" as used in the FOIA request. Lee Decl., Ex. J. On November 9, 2021, OMB responded to ASBL's inquiry. Lee Decl., Ex. K. OMB provided another new source – SF 133 reports for actual spending information. *Id.* In the same response, OMB claimed that while it did collaborate with the Treasury Department to create a joint report, the information was compiled by the Treasury Department, which separately works with agencies to obtain the information, and therefore, was not information that the OMB maintained or collected. *Id.* OMB also told ASBL that if ASBL had any questions as to the specific sources that were previously provided to ASBL in response to ASBL's FOIA request, then ASBL should contact the agency that created the

4

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

resource for more information. *Id.* On December 2, 2021, ASBL responded to OMB's November 9 email, stating that OMB had not fully responded to the questions that ASBL had previously raised and that OMB's hyper-technical approach to the term "agency records" not only frustrates the purpose of FOIA, but is also inconsistent with FOIA since the term "agency records" includes both those that are created and those that are received by the agency. Lee Decl., Ex. L. ASBL has not received a response to this correspondence as of the date of this filing. Lee Decl. ¶ 15.

Because the case did not settle, the parties agreed that the case would have to be resolved through cross-motions for summary judgment, and a briefing schedule was set on November 17, 2021. ECF No. 42.

### III. ARGUMENT

#### A. Legal Standard

The basic purpose of FOIA is to provide for an informed citizenry, which is "needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). The policy of FOIA requires that the disclosure requirement be construed broadly, and any exemptions narrowly. *Id.* at 220; *Soucie v. David*, 448 F.2d 1067, 1080 (D.C. Cir. 1971). This means that "unless the requested material falls within one of these nine statutory exemptions, FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public." *N.L.R.B.*, 437 U.S. at 221. In essence, "freedom of information is now, by statute, the rule, and secrecy is the exception." *Wellford v. Hardin*, 315 F. Supp. 768, 770 (D.D.C. 1970).

A movant is entitled to summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it might affect the outcome of the suit under the governing law. *Id.* The mere existence of a nonmaterial factual dispute is insufficient to prevent a court from

granting summary judgment. *Id.* An agency that seeks summary judgment in a FOIA case bears the burden of showing that, even with the facts viewed in the light most favorable to the requester, the agency conducted a search that was reasonably calculated to uncover all relevant documents. *Leopold v. U.S. Dep't. of Justice*, 130 F. Supp. 3d 32, 39 (D.D.C. 2015). In all FOIA cases where records are being withheld, the agency bears the burden to justify its decision to withhold the requested information. *King v. U.S. Dep't. of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987). Agencies may submit reasonably detailed affidavits setting forth the search terms and types of searches conducted, and averring that all files that are likely to contain responsive records (if any) were searched. *Oglesby v. U.S. Dep't. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). These affidavits, while given the presumption of good faith, are not an adequate basis for summary judgment if the affidavits are controverted by either contrary evidence in the record or by evidence of agency bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

As conceded in OMB's motion for summary judgment, an agency must make a good faith, reasonable search of those systems of records likely to possess the requested records. *Oglesby*, 920 F.2d at 68. The court in *Oglesby* emphasized that "the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.* (holding, *inter alia*, that the Department of State did not conduct a reasonable search after only searching for records in its centralized record system and the agency's affidavit did not sufficiently describe the search for summary judgment purposes). In addition, while requesters have an obligation to reasonably describe records in a FOIA request, agencies must liberally construe the FOIA request, even where the request is poorly defined. *Leopold*, 130 F. Supp. 3d at 43 (citing *LaCedra v. Exec. Office for U.S. Attorneys*, 317 F.3d 345, 348 (D.C. Cir. 2003). If the agency has doubts as to the requester's interpretation, then the agency is free to and should contact the requester to clarify or narrow a request. *Yagman v. Pompeo*, 868 F.3d 1075, 1084 (9th Cir. 2017); *Leopold*, 130 F. Supp. 3d at 43 (citing *Jarvik v. C.I.A.*, 741 F. Supp. 2d 106, 115

6

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

(D.D.C 2010). The OMB itself has a regulation that allows the agency to contact the requester if the request is not clearly defined. *See*, 5 C.F.R. § 1303.22.

### B. OMB Did Not Conduct an Adequate Search for Responsive Records

OMB did not conduct an adequate search for responsive records. Before ASBL filed this lawsuit, OMB conducted only what it calls a "custodial inquiry," relying solely on an assessment by its so-called subject-matter experts in its initial response to ASBL's FOIA request, without verifying the validity of the assessment against its electronic database. ECF No. 45 at ¶¶ 8, 11. In OMB's words, OMB staff members "shared" ASBL's FOIA requests with subject-matter experts in the Office of Federal Procurement Policy and Budget Review Division after construing the request inappropriately narrowly, even though OMB is required to liberally construe the request. ECF No. 45 at ¶¶ 8, 9; *see also*, *Leopold*, 130 F. Supp. 3d at 43. The so-called subject-matter experts concluded that OMB did not collect, track, or maintain data on the total federal acquisition budget for Fiscal Years 2017, 2018, and 2019. ECF No. 45 at ¶ 10. Without verifying the validity of its assessment with OMB's database of records, OMB issued its initial response to ASBL's FOIA request. ECF No. 45 at ¶ 11. This is the antithesis of an adequate search. *See*, *Oglesby*, 920 F.2d at 68.

OMB's Deputy General Counsel Heather Walsh confirms that OMB did not conduct an electronic search for responsive records in OMB's possession until March 2021, months after this lawsuit was already filed. ECF No. 45 at ¶ 18. Even when OMB finally conducted an electronic search, the search was strategically conducted in an effort to obtain as few responsive records as possible. Instead of searching for results using the individual words "total," "federal," "acquisition," and "budget," the OMB purposefully used the search term "federal acquisition budget," a method that not only greatly narrows the variety of search results by only including results that include the words in that specific order, but also, according to the OMB's correspondence dated March 12, 2021, uses a search term that "is neither a term of art used within OMB, nor does it have any specific meaning to OMB." ECF No. 45 at ¶ 19; Lee Decl., Ex. H ("Indeed, the agency has done a custodial inquiry using this phrase, resulting in no reports or the

7

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

like revealing documents your client has requested."); *see also Brady Ctr. to Prevent Gun Violence v. U.S. Dep't. of Justice*, 410 F. Supp. 3d 225, 232-233 (D.D.C. 2019) (finding, *inter alia*, that the use of a lone search term, "white paper," in response to a FOIA request for records relating to a paper written by a senior official at the Bureau of Alcohol, Tobacco, Firearms, and Explosives was not reasonably calculated to locate responsive records).

Furthermore, OMB has been unwilling to accept ASBL's interpretations of the terms "total federal acquisition budget" and "acquisition," nor has OMB been willing to conduct searches to include these definitions. OMB also failed to reach out to ASBL to suggest alternative search terms. ASBL, in its letter dated March 15, 2021, informed OMB that ASBL, while not conceding that the FOIA request needed clarification, used the term "total federal acquisition budget" to mean "the total value of all prime contract awards for each referenced fiscal year, the total figure needed to assess whether the government is meeting its small business contracting goals under the Small Business Act" (15 U.S.C. § 644(g)(1)(A)(i)). Lee Decl., Ex. I (internal citations omitted). With regard to the term "acquisition," ASBL has provided to OMB the following definition in its October 7, 2021 correspondence:

> [ . . . ] [T]he definition of "acquisition" includes both spending and allocation data, and this data includes spending for both goods and services. The OMB, as well as other federal agencies, often categorize acquisition as "procurement," an item that the OMB does track in the President's Budget under Table 3.2. This, however, does not mean that "acquisition" is limited to the procurement of goods. The general definition of "acquisition" is "the act of acquiring something," which can include both the "acquisition of property" or the "acquisition of knowledge." Acquisition, *Merriam Webster Dictionary*, https://www.merriam-webster.com/dictionary/acquisition (last accessed Oct. 6, 2021). Another definition of "acquisition" is "a thing or person acquired, or gained; as, learning is an acquisition." (Webster's New 20th Century Dictionary, 2d ed. 1975.) This means that acquisition data should include both the procurement of goods and services. In effect, when ASBL is asking for documents "indicating or containing the total federal acquisition budget" for the years in question, it is asking for the total federal budget, which the OMB surely has for the fiscal years in question.

Lee Decl., Ex. J.[4]

---

[4] ASBL's reference to "procurement" – a term used by the OMB -- in that correspondence should have prompted the OMB to run an electronic search using that term. But there is no indication OMB conducted such a search.

8

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

The Federal Acquisition Regulation ("FAR") also provides the following definition for "acquisition":

> *Acquisition* means the acquiring by contract with appropriated funds of supplies or services (including construction) by and for the use of the Federal Government through purchase or lease, whether the supplies or services are already in existence or must be created, developed, demonstrated, and evaluated. Acquisition begins at the point when agency needs are established and includes the description of requirements to satisfy agency needs, solicitation and selection of sources, award of contracts, contract financing, contract performance, contract administration, and those technical and management functions directly related to the process of fulfilling agency needs by contract.

FAR 2.101.

Under these definitions, OMB should have searched for and disclosed any and all records "indicating or containing" information about federal government expenditures on goods or services for the fiscal years identified in ASBL's FOIA request. Such a search would have resulted in reports such as the OMB's annual joint statement issued with the United States Treasury Department regarding the budget results for that fiscal year, which incorporates information on spending on goods and services for the federal government specifically provided to OMB in the drafting of this statement.[5] That it did not do so even after ASBL provided these definitions to OMB confirms that OMB's search was inadequate, and that OMB should be ordered to conduct a new, lawful search consistent with these definitions.

By limiting the initial search to a custodial inquiry, conducting an electronic search after this lawsuit was filed using an impermissibly narrow construction of ASBL's request that ignored its purpose and substance, and failing to conduct a search using the definitions provided by ASBL, either before or after ASBL provided them, OMB has not conducted a reasonable search of all systems that would likely contain responsive records, in violation of FOIA. It should be ordered to do so.

---

[5] The White House, *Joint Statement of Janet L. Yellen, Secretary of the Treasury, and Shalanda D. Young, Acting Director of the Office of Management and Budget, on Budget Results for Fiscal year 2021*, whitehouse.gov (Oct. 22, 2021), https://www.whitehouse.gov/omb/briefing-room/2021/10/22/joint-statement-of-janet-l-yellen-secretary-of-the-treasury-and-shalanda-d-young-acting-director-of-the-office-of-management-and-budget-on-budget-results-for-fiscal-year-2021; *see also*, Lee Decl., Ex. M.

9

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

  **C. OMB Receives and Maintains Documents Indicating and Containing the Total Federal Acquisition Budget When Carrying Out its Agency Functions**

OMB's mission, as stated on its website, "is to assist the President in meeting policy, budget, management, and regulatory objectives and to fulfill the agency's statutory responsibilities." *Office of Management and Budget*, The White House, https://www.whitehouse.gov/omb/ (last accessed Jan. 18, 2022). In order to carry out this mission, OMB engages in five main functions across executive departments and agencies: (1) budget development and execution; (2) management, including oversight of agency performance, procurement, financial management, and information technology; (3) coordination and review of all significant Federal regulations from executive agencies, privacy policy, information policy, and review and assessment of information collection requests; (4) clearance and coordination of legislative and other materials, including agency testimony, legislative proposals, and other communications with Congress, and coordination of other Presidential actions; and (5) clearance of Presidential Executive Orders and memoranda to agency heads prior to their issuance. *Id.* It follows that OMB should have and does receive information on acquisition spending and budgets, which OMB admits that it does maintain to a certain extent. ECF No. 43 at 19:27-20:2; ECF No. 44 at ¶ 19.

  Moreover, when agencies submit spending information to OMB, these agencies can back up their spending information with extensive information that is not limited to procurement under the FAR. Declaration of Charles Tiefer in Support of Opposition and Cross-Motion for Summary Judgment ("Tiefer Decl.") at ¶¶ 3, 4. Often, OMB can access these records electronically so that it can inquire into any and all details at its convenience, and make cross-agency comparisons and totals. *Id.* at ¶ 3. These totals generated by OMB are crucial to the debate regarding funding for businesses that are categorized as small, minority, women, veteran, and service-disabled veteran because they dictate how much should be allocated for such businesses under the Small Business Act. *Id.* at ¶ 4; *see also*, 15 U.S.C. § 644(g)(1)(A)(i). Therefore, it is important that all possible

  OMB has consistently maintained that the records it receives from other agencies as a result of carrying out these functions are not agency records. That position, however, is not

10

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

consistent with controlling precedent. Agency records are not limited to records generated by the OMB, but also include records *obtained by* the OMB in carrying out its statutory duties. *See U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 144 (1989). The Court in *Tax Analysts* recognized that "[i]n performing their official duties, agencies routinely avail themselves of studies, trade journal reports, and other materials produced outside the agencies both by private and governmental organizations." *Id*. "To restrict the term 'agency records' to materials generated internally would frustrate Congress' desire to put within public reach the information available to an agency in its decision-making processes." *Id*. By focusing on authorship, the OMB "sharply limit[s] 'agency records' essentially to documents generated by the agencies themselves," which "is incompatible with the FOIA's goal of giving the public access to all nonexempt information received by an agency as it carries out its mandate." *Id*. at 147. The Supreme Court's *Tax Analysts* decision calls for denial of OMB's motion and granting of ASBL's summary judgment motion.

As indicated in OMB's November 9, 2021 correspondence, OMB is not searching for, or including as responsive, records that were created by outside agencies. Lee Decl., Ex. K. Rather, OMB is only searching for records that the agency itself has created, rather than all records that the agency has obtained in its files through the course of carrying out its functions. OMB is even excluding a budget report which it jointly issues each year with the Treasury Department from the ambit of its response.[6] *See*, Lee Decl., Ex. M. OMB's errant approach to "agency records" is contrary to *Tax Analysts* and frustrates two of the main tenets of FOIA – to put within public reach the information that is available to an agency in its decision-making, and to ensure public accountability and to check for government corruption. *Tax Analysts*, 492 U.S. at 144; *N.L.R.B.*, 437 U.S. at 242.

D. **OMB Inconsistently Maintains that It Does Not Have Responsive Records, Yet Continues to Refer ASBL to Potentially Responsive Sources**

In its motion for summary judgment, OMB takes two inconsistent and untenable positions. First, OMB asserts that it has made a "consistent effort to go above and beyond its FOIA

11

obligation in directing Plaintiff to publicly available sources of data." ECF No. 43 at 21:15-16. Within five lines, the OMB contradicts itself by stating "that it had no documents to produce because there is no total federal acquisition budget and the agency is not tasked by statute or otherwise required to compile or maintain this information." ECF No. 43 at 21:17-20.

OMB has maintained that it does not have records responsive to ASBL's FOIA request, yet consistently and begrudgingly provides additional records to ASBL after ASBL pushes against the OMB. OMB's supporting declarations admit that the agency does indeed collect and track the information requested by ASBL. Specifically, OMB stated that this information is maintained and tracked through at least two object classes (contractual services and supplies, and acquisition of assets) as part of the OMB's statutory requirements. ECF No. 43 at 18:21-26; ECF No. 44 at ¶ 44. OMB also has access to records reflecting the amount spent per year on grants and fixed charges, which is also an object class in the President's Budget, but is not considered spending on contractual services and supplies. Tiefer Decl., ¶ 6. By differentiating between contracts for services and grants for services, OMB has omitted records in its possession that reflect the amount spent through grants that are actually contractual, such as grants for medical provider agreements under Medicare, Medicaid, and the Veterans Administration. *Id.* at ¶ 7. OMB is obligated under FOIA to conduct a search that is "reasonably calculated to uncover *all* relevant documents," and by failing to search for records related to spending and budgetary information for all contractual services and supplies, acquisitions of assets, and grants for contractual services, OMB has failed to satisfy its requirements under FOIA. *Lion Raisins, Inc. v. U.S. Dep't. of Agriculture*, 636 F. Supp. 2d 1081, 1103 (E.D. Cal. 2009) (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (emphasis added) (internal quotations omitted).

OMB's claim that it does not have responsive records also flies in the face of its own estimates of the total federal acquisition budget. Without providing a copy of the underlying USAspending.gov report or an explanation of how the agency ran the report, **OMB stated in its opening brief that the total amount for acquisition spending in FY 2017 was $511 billion**. ECF No. 43 at 20:16-20. OMB would not have been able to make such a calculation if it did not

12

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

have a report on acquisition spending, which is included in the "total federal acquisition budget" and which the agency concedes is a subset of the total federal acquisition budget.  *See*, ECF No. 43 at 19:11-18.

OMB repeatedly states that it has provided multiple sources of potentially responsive publicly available records in an effort to be "helpful," yet OMB's actions prove otherwise.  Instead of pointing ASBL to actual responsive records, OMB consistently points ASBL to databases containing large quantities of information, such as USAspending.gov, without providing any further information as to the location and the method of accessing the purportedly responsive record.  ASBL was not even informed of "standard" reports that it could run on USAspending.gov until OMB's March 12, 2021 email (sent after this lawsuit was filed).  *See*, Lee Decl., Ex. H.  When ASBL informed OMB that it needed more information as to the specific location of responsive records on these databases, OMB responded that ASBL should contact the individual agency that published the record, even though OMB knows why the database is responsive and how to access the responsive data.  Lee Decl., Ex. L.  OMB knows well that ASBL would very likely receive no response from an agency that is not a party to this lawsuit for a very long time, if at all.  Rather than attempting to shift the burden to process its request to ASBL, OMB is required to contact other agencies itself to identify which records within the databases are responsive and should be disclosed.  *See Kenney v. U.S. Dep't. of Justice*, 603 F. Supp. 2d 184, 189 (D.D.C. 2009) (finding, *inter alia*, that the Executive Office for United States Attorneys properly forwarded potentially responsive records for review and processing to their originating agency, the Federal Bureau of Investigation, "because the FBI had originated the records [and] it would be best able to determine whether they must be disclosed under the FOIA.").  FOIA requires more than an agency response that essentially says "go look in the warehouse for the information" without informing a requester where in a vast warehouse the records might be found.  *See Schladetsch v. U.S. Dep't. of H.U.D.*, No. 99-0175, 2000 WL 33372125 at *3 (D.D.C. Apr. 4, 2000) ("Although accessing information from computers may involve a somewhat different process than locating and retrieving manually-stored records, these

13

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

differences may not be used to circumvent the full disclosure policies of the FOIA.") (quoting *Yeager v. D.E.A.*, 678 F.2d 315, 321 (D.C. Cir. 1982)).

ASBL is simply asking that OMB conduct a further electronic search and properly produce and identify all records responsive to ASBL's FOIA request, instead of providing a link to a general database of information every few months without explaining how or where to find the requested information in that database. As recently as November 9, 2021, with the addition of OMB's SF 133 reports, OMB has provided more records potentially responsive to ASBL's FOIA request. *See*, Lee Decl., Ex. K. As for responsive data that are on databases or not readily identifiable, ASBL is asking OMB to either identify the information that the OMB considers responsive or to inform ASBL as to how to obtain that information using the sources provided. Lee Decl, Ex. L. Contrary to OMB's argument, typing a query into a database (or at least informing ASBL of how to conduct a query on a database) is not equivalent to creating a new agency record. *See Ctr. For Investigative Reporting v. U.S. Dep't of Justice*, 14 F.4th 916, 938 (9th Cir. 2021) ("Applying E-FOIA, courts have consistently held that database searches do not involve the creation of new records. [citation] Moreover, district courts have held that sorting, extracting, and compiling pre-existing information from a database does not amount to the creation of a new record.").

### E. OMB Should Have Confirmed with ASBL the Exact Information Requested and Search Terms to be Used

OMB should have worked with ASBL's representatives to identify search terms likely to yield the records ASBL was seeking when OMB informed ASBL that the term "total federal acquisition budget" was not part of the agency's vernacular, especially after discovering the existence of two prior FOIA requests for the same information using different terms. *See* ECF No. 45-10, ECF No. 45-12. OMB, through both case law and its own regulations, is obligated to make a good faith effort to help ASBL reasonably describe records. *Yagman*, 868 F.3d at 1084; 5 C.F.R. § 1303.22. OMB has clearly failed to satisfy its burden on this front. In the case of ASBL's FOIA request, when staff members were informed by the subject-matter experts that the term "total federal acquisition budget" was not a term of art used in the OMB, OMB's FOIA

14

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

officer should have contacted ASBL to learn more about the type of information that ASBL requested and should have allowed ASBL to provide search terms that correlate with records that are in OMB's possession, such as those provided in 2013 and 2017, which produced responsive records.

In the process of drafting its motion for summary judgment, OMB discovered that ASBL had submitted two prior FOIA requests to OMB for similar information using different terms. *See* ECF Nos. 45-10 & 45-12. Both responses indicate that responsive information was available through online databases. *See* ECF No. 45-11 ("In response to your FOIA request, please note that the information you requested is publicly available and can be found online at https://www.fpds.gov/fdpsng_cms as well as http://usaspending.gov/."); *see also*, ECF No. 45-13 ("Please be advised that the information you are seeking is publicly available at the following website: http://www.usaspending.gov."). In the context of FOIA, the agency has the upper hand. The agency is fully aware that the requester does not understand technical jargon or terms specific to the agency. *See*, *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973) ("Obviously the party seeking disclosure cannot know the precise contents of the documents sought; secret information is, by definition, unknown to the party seeking disclosure."). If OMB had conducted an electronic search using the analogous terms from 2013 and 2017, instead of debating with ASBL about the term "total federal acquisition budget," the agency could have provided a response definitively stating that the responsive information could be found on those databases, thereby streamlining the FOIA process.

IV.  **CONCLUSION**

ASBL's FOIA request sought core government budget information from an agency which publishes a budget every year. Prior to the filing of ASBL's complaint, OMB did not search its electronic files for responsive records. In the wake of this lawsuit, OMB has made a lackluster effort to fulfill ASBL's FOIA request and has consistently dodged ASBL's efforts to obtain all responsive records, including its efforts to obtain information underlying OMB's calculation of

15

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR

total acquisition spending for Fiscal Year 2017.  This Court should deny OMB's motion for summary judgment, and ASBL's motion for summary judgment should be granted.

Dated: February 10, 2022            CANNATA, O'TOOLE, FICKES & OLSON LLP

                                      By:   /s/ Karl Olson
                                              KARL OLSON

Karl Olson
Aaron R. Field
Irene Lee

Attorneys for Plaintiff
AMERICAN SMALL BUSINESS LEAGUE

CANNATA, O'TOOLE, FICKES & OLSON LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

16
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; NOTICE OF CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 4:20-CV-07126-DMR