1  KARL OLSON (SBN 104760)
   AARON R. FIELD (SBN 310648)
2  IRENE LEE (SBN 331485)
   CANNATA O'TOOLE FICKES & OLSON LLP
3  100 Pine Street, Suite 350
4  San Francisco, California 94111
   Telephone:    (415) 409-8900
5  Facsimile:    (415) 409-8904
   Email:        kolson@cofolaw.com
6                afield@cofolaw.com
7                ilee@cofolaw.com

8
   Attorneys for Plaintiff
9  AMERICAN SMALL BUSINESS LEAGUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OFFICE OF MANAGEMENT AND BUDGET,<br><br>　　　　Defendant. | CASE NO. 4:20-cv-07126-DMR<br><br>**DECLARATION OF CHARLES TIEFER IN SUPPORT OF PLAINTIFF AMERICAN SMALL BUSINESS LEAGUE'S OPPOSITION TO DEFENDANT UNITED STATES OFFICE OF MANAGEMENT AND BUDGET'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 28, 2022<br>Time: 1:00 p.m.<br>Place: Zoom<br>Judge: The Honorable Donna M. Ryu |

I, CHARLES TIEFER, declare as follows:

1.  I am a Professor at the University of Baltimore School of Law. I am the author of Government Contracting Law in the Twenty-First Century (Carolina Academic Press 2012), a leading national casebook on government contracting law. I teach a course in Government Contracting Law. I have served as an expert witness on government contracting in numerous cases, including, in recent years, two federal trials and one federal sentencing hearing ((Trial Testimony in 2018: *U.S. v. Akbar Ghaneh Fard*, Case No. 8:17-Cr-131 (M.D. Fla.)); (Trial Testimony in 2015: *U.S. v. Craig Near*, Case No. 1 14-CR-271 (N.D. Ga.) (in criminal prosecution, expert opinion regarding whether false statements by defendant were material; expert testimony admitted following *Daubert* hearing); (Federal Criminal Sentencing Hearing in 2014: *U.S. v. Bettencourt* (sole witness for defense, about why defendants pleading guilty to fraud should not get prison sentences; presented expert opinion for deeming their government contracting misconduct minor)). I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein, except as to matters stated on information and belief, and as to them I believe them to be true.

2.  The Office of Management and Budget (OMB) should provide the records establishing the total federal government acquisition budget. OMB is the federal government's overall spending supervisor. Annually, OMB is provided by all departments and agencies with their spending reports that are used prospectively to make up the President's budget. Then, contemporaneously with agency spending, OMB is provided by all agencies with their spending reports on how the budget, as legislated by Congress, has actually been executed.

3.  Other agencies track their spending, but just for themselves. The Defense Department does not track the Education Department, and vice-versa. Only OMB tracks it for everyone. Partly, OMB uses the detailed SF-132s and SF-133s, the building blocks of the overall federal government budget. Beyond these, however, agencies provide OMB with much more. Different agencies can back up spending reports with extensive information. Often OMB can

1

DECLARATION OF CHARLES TIEFER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT
CASE NO. 4:20-CV-07126-DMR

access these records electronically, so that it may inquire into any and all details at its convenience, and make cross-agency comparisons and totals.

4. The agencies stand ready to provide OMB with this and more. What they provide is not limited only to the narrowest category of procurement under the Federal Acquisition Regulation. For example, the Environmental Protection Agency (EPA) may spend billions of dollars on wastewater treatment plants. The money may, and usually do, go to states who hire contractors. OMB is provided by EPA with all the details of this. This is certainly contractual, albeit not contracting under the Federal Acquisition Regulation, and is not counted in the ridiculously low figures OMB releases as the purported total government contracting. But these contracts, known as "contracts under grants," are contractual instruments that make up an important part of total federal government acquisition. The records, including totals, are an important part of debate of how much should go to business that is small, minority, veteran, service-disabled veteran, and on. Having the records, including totals, is crucial for getting small business and so forth to receive their fair share – not a 23 percent figure for a shrunken figure of what is done under the Federal Acquisition Record, but a real figure, like 23% of contractual spending. The government is declining to furnish the records, including totals, so important for the debate of how much should go to business that is small, minority, women, veteran, and service-disabled veteran.

5. To take another example, for Medicare, the government has provider agreements with hospitals, physician groups, and so on. The government spends hundreds of billions of dollars annually on this. OMB has the records (including, as stated above, accessed electronically), including totals. Often the spending is through carriers, like Blue Cross Blue Shield. This is not under the Federal Acquisition Regulation, but it is, of course, a contractual instrument. Through this, the government does business with the largest hospital chains, the largest drug manufacturers (such as in Medicare Part D), and so on. Among other aspects, spending contractually like Medicare is subject to the False Claims Act, the same as any other contractual claims.

2

DECLARATION OF CHARLES TIEFER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT AND CROSS-MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT
CASE NO. 4:20-CV-07126-DMR

6. The government will presumably say that the public does not need records, including totals, it can just go to the USASpending.gov website. But, that website does not take the place of records. Currently, that website lists 65.2% as "grants and fixed charges," but only 11.6% as "contractual services and supplies." (The website is: https://www.usaspending.gov/explorer/object_class.) It is noteworthy that OMB does not use, in that USASpending presentation, terms it would like to use in this lawsuit for its low figure for overall government acquisition – narrow and diminishing terms like "procurement under the Federal Acquisition Regulation." Rather, OMB uses the totals labeled for "grants" and "contractual." It is self-contradictory for USASpending to use the totals for "grants" and "contractual" and for the government to turn around and deny that it has the records, including totals, for what is plainly "contractual."

7. Just taking one category, health spending, OMB is counting the spending on Medicare, Medicaid, and Veterans Administration as grants, even though it is spent on a contractual relationship through provider agreements with medical providers, and even though the enormous sums at issue are policed, contractually, through the False Claims Act. The problem is not that it is so hard for OMB to furnish its records, including totals, for these hundreds of billions of dollars, just, OMB is unwilling. And that is how OMB gets to that staggering comparison of 65% grants and only 11% as contractual, and how its records, including totals, are said to support the low total figure it wants for the obligation to business that is small, minority, women, veteran, and service-disabled veteran.

8. As in the examples just shown, the government has maintained in USASpending the position that the bulk of the federal budget goes just for grants, and only a fraction less than 12% for contractual spending. The Small Business Administration (SBA) takes the OMB's high figures for grants and low figure for contracts as gospel for denying what should really go to business that is small, minority, women, veteran, service-disabled veteran   OMB maintains this position only by not providing the records, including totals, that would show how much of the "grants" are really contractual. In 2013, I put forth the figure that the government total

1  acquisition budget was $1.1 trillion.  Adjusting for changes in federal spending and inflation, I
2  stand by that figure.
3  ///
4  ///
5  ///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of February, 2022 at Chevy Chase, Maryland.

CHARLES TIEFER